**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Barrett Firearms MFG CO 82A1, Rifle CAL:50 BMG, SN: AA013938,<br><br>   Defendant. | No. CV-22-01573-PHX-SMM<br><br>**ORDER** |

  Pending before the Court is Plaintiff's Motion for Default Judgment of Forfeiture. (Doc. 10).

  On September 16, 2022, Plaintiff the United States of America filed this civil *in rem* forfeiture action against Defendant property. (Doc. 1). Because no party appeared, answered, or otherwise pleaded, the Clerk of the Court entered default on November 28, 2022. (Doc. 9). Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55 and Supplemental Rule G. (Doc. 10). For the following reasons, the Motion is granted.

**I. Background**

  Because the Clerk entered default, the Court will take the Complaint's factual allegations as true. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (stating that upon default, a complaint's allegations are taken as true, except those relating to damages).

  In 2016, Enrique Gonzales-Quintero pled guilty in Arizona superior court to

Possession of Narcotic Drugs for Sale, a class two felony. (Doc. 1 at 2). The felony carried a sentencing range of four to ten years' imprisonment but under the terms of the plea deal, Gonzales-Quintero was sentenced to two years' probation. (Id. at 3).

On April 7, 2022, Gonzales-Quintero placed an online order for a Barrett .50 caliber rifle from a Federal Firearms Licensee (FFL) in Rhode Island. (Id. at 2). This rifle is the Defendant property. The seller shipped the rifle to a pawn shop in Arizona, where Gonzales-Quintero lives. (Id.) Following a tip about suspicious activity by an out-of-state FFL, Special Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) contacted the pawn shop and learned that Gonzales-Quintero was due to pick up the rifle on April 14, 2022. (Id.) The Special Agents also learned of Gonzales-Quintero's aforementioned sentence. (Id.)

Prior to purchasing a firearm from an FFL, the purchaser must complete ATF Form 4473 which requires the purchaser to provide information including whether they have ever been convicted in any court of a crime for which the judge could have imprisoned them for more than a year, even if they received a shorter sentence including probation. (Id. at 3). A purchaser is prohibited from receiving or possessing a firearm if they answer affirmatively to the question about having been convicted of a crime. (Id.) After a purchaser completes Form 4473, the FFL enters the information provided by the purchaser into a background check system. (Id. at 4).

Upon entering the pawn shop on April 14, 2022, Gonzales-Quintero completed Form 4473, stating on the form that he was the actual buyer of the rifle and that he had never been convicted of a felony for which the judge could have imprisoned him for more than one year. (Id.) The pawn shop entered this information into the background check system and it came back as "Denied," thus prohibiting the pawn shop from transferring the rifle to Gonzales-Quintero. (Id.)

Having surveilled the pawn shop from its parking lot, Special Agents with ATF watched Gonzales-Quintero as he drove away from the pawn shop following his unsuccessful attempt at picking up the rifle. (Id.) Shortly thereafter, a state trooper observed

Gonzales-Quintero make an unsafe lane change and stopped him based on this offense. (Id. at 5). ATF Special Agents responded to the traffic stop and interviewed Gonzales-Quintero. (Id.) During the interview, Gonzales-Quintero admitted to pleading guilty to drug charges and having been sentenced to probation, although he stated that he thought the charge was reduced to a misdemeanor due to the length of time that had passed between arrest and conviction. (Id. at 5-6).

Following this interview, the ATF Special Agents traveled to the pawn shop and seized the rifle. On May 16, 2020, ATF commenced administrative forfeiture and on June 20, 2022, Gonzales-Quintero filed a claim to the rifle with ATF. (Id. at 6). On September 16, 2022, Plaintiff the United States of America filed this civil *in rem* forfeiture action against Defendant property, based on the rifle's involvement in a violation of providing materially false information to an FFL in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A). (Doc. 1).

**II.   Legal Standard**

Although courts strongly prefer to decide cases on their merits, they may use their discretion to enter default judgment. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see also Fed. R. Civ. P. 55. If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds that it has jurisdiction, it must apply the multi-part test established by Eitel, considering: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." 782 F.2d at 1471–72.

**III.   Discussion**

As an initial matter, the Court has jurisdiction over this action. District courts have

original jurisdiction over any forfeiture action incurred under any act of Congress, except matters dealing with international trade. 28 U.S.C. § 1355(a). Forfeiture actions may be brought in the district court where any part of the forfeiture arose. Id. at § 1355(b). Because the Defendant property was seized in Arizona, (Doc. 1 at 2), this civil forfeiture action was properly bought in this District and the Court has jurisdiction over the action. Accordingly, the Court will now consider the Eitel factors.

### A.    Prejudice to Plaintiff

If default judgement were denied, Plaintiff would be prejudiced by needing to litigate and spend further resources on an action with no opposing party. See United States v. $19,520.00 in U.S. Currency, 2021 WL 1947518, at *2 (D. Ariz. May 14, 2021). The first factor therefore weighs in favor of granting default judgment.

### B.    Merits of Plaintiff's Substantive Claim and Sufficiency of Plaintiff's Complaint

The second and third Eitel factors—the merits of the claim and the sufficiency of the complaint—are often analyzed together and are often considered the most important. Vietnam Reform Party v. Viet Tan - Vietnam Reform Party, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). In assessing these factors, courts must consider whether a plaintiff has stated a claim on which it may recover. Id.

Here, both factors weigh in favor of granting default judgment. Taken as true, as they must be here, the factual allegations establish that the defendant property was used in a knowing violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A). These provisions prohibit false statements made in connection with the attempted acquisition of a firearm from a licensed dealer. Gonzales-Quintero purchased and attempted to possess the rifle, knowing that he had pled guilty to a crime for which he could have been sentenced to over a year and for which he ultimately served two years' probation. Nonetheless, when completing Form 4473, he stated that he had never been convicted of a crime for which the judge could have imprisoned him for more than one year. These written statements therefore constituted false statements made in connection with the attempted acquisition of a firearm from a

licensed dealer. As such, Plaintiffs have stated a valid claim under these statutes. These factors thus strongly favor default judgment.

### C. The Money at Stake

Including tax and delivery costs, Gonzales-Quintero spent a total of $9,737.79 on the rifle. (Doc. 1 at 2). Although this is not an insignificant outlay, it is not especially remarkable or astronomical. This factor does not strongly weigh against entering default judgment.

### D. Possibility of Dispute

No party has appeared to defend this action and the Court must view the Complaint's allegations as true. See Geddes, 559 F.2d at 560. Therefore, the possibility of dispute is very low and this factor weighs in favor of entering default judgment.

### E. Excusable Neglect

Because no claimant has pleaded or otherwise appeared in this action, there is no indication that default was due to excusable neglect.

### F. Policy Favoring Decisions on the Merits

While this Court strives to decide cases on their merits, that is not possible here because no party has pleaded or otherwise appeared this action.

Having considered all of the Eitel factors, the Court concludes that default judgment is appropriate.

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Motion for Default Judgment of Forfeiture. (Doc. 10).

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment by default in favor of Plaintiff the United States of America.

///

///

///

///

1  **IT IS FURTHER ORDERED** that the interests of Enrique Gonzales-Quintero and
2 all others in Defendant Barrett Firearms MFG CO 82A1, Rifle CAL:50 BMG, Serial
3 Number AA013938 is forfeited to the United States of America in accordance 18 U.S.C. §
4 924(d). Defendant property shall be disposed of according to law.
5  Dated this 4th day of January, 2023.

Honorable Stephen M. McNamee
Senior United States District Judge